**A. H. ELLER, Plaintiff,**

v.

**UNITED STATES of America,**
**Defendant.**

**Civ. No. 1658.**

United States District Court
W. D. North Carolina,
Asheville Division.

Oct. 1, 1957.

Uzzell & DuMont, Asheville, N. C., for plaintiff.

J. M. Baley, Jr., U. S. Atty., Asheville, N. C., and Hugh E. Monteith, Asst. U. S. Atty., Asheville, N. C., for defendant.

WARLICK, District Judge.

Plaintiff instituted this action to recover of the defendant the sum of $1,600 under Title 28 U.S.C.A. § 1346(b) and the Tort Claims Act, § 2674.

Plaintiff resides in Hayesville, Clay County, in the Western District of North Carolina, and at the time of the alleged occurrence on which his action is predicated, was buyer for a large lumber company which had previously purchased a boundary of timber located in a National Forest from the United States Forest Service in the State of Georgia, where the collision herein took place.

The case was tried without a jury.

From the evidence heard I make the following findings of fact as Fed.Rules Civ.Proc. rule 52, 28 U.S.C.A., requires.

On February 8, 1956, plaintiff owned a 1955 Ford Thunderbird and was driving it through a mountainous area on a United States Forest Service Road known as Cooper's Gap Road, about 13 miles from Dahlonega in the State of Georgia, on a timber inspection trip. He was proceeding downgrade in a southerly direction, on a gravelled road approximately 16 to 18 feet in width and having no shoulders, when he was in collision with a 1951 Chevrolet Carryall, or station wagon owned by the defendant and driven by Lieutenant, now Captain Thomas H. Hastings, who was travelling north on an up-grade estimated at six to eight per cent, in second gear, and making 15 miles an hour. On both sides of the travelled lane, the gravel was smooth from lack of use, but not being bonded in any wise made travel difficult and hazardous, and one travelling thereon obviously would use the lane that had been packed by travel. Two cars could pass on this road if both travellers used care and drove slowly. Shortly following the wreck plaintiff stated that he was driving approximately 30 miles an hour and certainly not more than 35 miles an hour, but at the trial gave certain reasons from which he then estimated the speed at 15 to 20 miles an hour.

Evidently each driver became aware of the other's presence when the cars were some 35 feet apart. Captain Hastings cut his vehicle sharply to the right and plaintiff likewise turned to the right.

The collision was then inevitable. The left front side of plaintiff's car collided with the left side of the station wagon, damaging the left head light, the hood, bumper, left front fender, frame, front wheel and puncturing the left front tire, and resulting in approximately $1,600 in damage to plaintiff's car.

The place of collision in the road was on a sharp curve. Travelling southwardly the road curved to the right and at the edge thereof there is a bluff of approximately six to eight feet. On the opposite side of the road the earth drops off from the edge on a slope of approximately 60 to 80 degree, indicating that this road had been cut on the side of a mountain. In this curve the road was 24 to 25 feet wide. This travelled portion was in the middle thereof and as various vehicles had been driven over it in the past the two tracks had become distinctly outlined and were in the nature of ruts. In the middle of the track gravel had been pushed up until it constituted somewhat of a bank.

The station wagon was so badly damaged that it was sold for junk by the defendant at the price of $144.

When the vehicles stopped certain measurements were made and from these measurements it would appear that the defendant's station wagon was sitting crosswise of the road (curve), headed in a northeastward direction, with its right front fender two feet from the edge of the road, and the rear of the vehicle four feet from the right side of the roadway. The plaintiff's Thunderbird was very nearly straight with the highway and was five to six feet from the right hand edge of the road.

The evidence further shows that plaintiff's automobile travelled 21 feet from where he first applied his brakes, and following the collision either slid or skidded six feet more. Indications on the roadway showed that the station wagon of defendant had been pushed sidewise approximately four feet.

Both drivers were familiar with the road, having travelled over it many times. Signs had been posted along its entire length by the Forest Service indicating "Danger Army Vehicles", and care in travelling had been sought.

Plaintiff's complaint charged defendant with negligence and the defendant in its answer alleges that plaintiff was guilty of contributory negligence and further sets up a cross action seeking to recover the sum of $381 as damage to its station wagon.

The laws of the State of Georgia were not pleaded, but I was told during the trial that the Motor Vehicles Act of that state was the same as that in North Carolina and further that the provisions of the law which govern this controversy are identical. In North Carolina the rule to be observed by the driver of an automobile when he approaches another automobile coming from the opposite direction on a public highway, in order that the automobiles might pass each other in safety, is prescribed by statute, G.S. § 20–148. This rule is as follows: "Drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other at least one-half of the main-traveled portion of the roadway as nearly as possible."

Evidently neither complied with this statute, or followed the rule of the prudent man, and both accordingly brought about the resulting damage.

Before the plaintiff could recover in this action he would be compelled to show by the greater weight of the evidence that his property was damaged by the negligence of the defendant,—and that such negligence was the proximate cause of said damage allegedly suffered,—that is the nearest or most direct cause or the cause without which the damage would not have been sustained. The same rule would apply on the defendant's affirmative cross action for a recovery of its alleged damage. I am accordingly of the opinion that plaintiff is not entitled to recover anything of the defendant and that the defendant is not entitled to recover of the plaintiff any sum whatever on account of its cross action.

A Forest Service road in the mountains constructed as was this one is a highway peculiarly for convenience and of necessity requires driving with considerable prudence and foresight. Evidently neither of the drivers involved was intentionally violating the law, though each was travelling in the center of the highway,—likely the only place that one could operate a motor vehicle and make any headway. In that situation the collision between the two vehicles was a natural and foregone event. Neither should be awarded compensation of the other for the damage sustained.

Prepare decree.